IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-MJ-1184-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    ORDER ON PROBABLE CAUSE |
| | )    AND DETENTION |
| | ) |
| LEXY HERRERA-PAGOADA, | ) |
| | ) |
| Defendant. | ) |

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On November 16, 2015, the government charged Defendant in a criminal complaint with a violation of 8 U.S.C. § 1326(a) and (b). [DE-1]. The government alleges that on or about November 15, 2015, Defendant was found in the Eastern District of North Carolina being an alien after having previously been denied admission, excluded, deported and removed from the United States on February 23, 2015 at Columbus, Georgia, and again on July 2, 2015 at Brownsville, Texas, after having been convicted of a felony and not having obtained the express consent of the Attorney General, or the Secretary of Homeland Security to reapply for admission thereto. *Id.*

At the hearing the government presented the testimony of John Skidmore, Special Agent Homeland Security Investigations. Defendant, represented by counsel and assisted by an interpreter, presented no evidence. The court has considered the testimony and the pretrial services report, which was prepared by the probation office and provided to the parties in advance of the hearing. The court finds that the credible and undisputed information presented by Special Agent Skidmore

establishes probable cause to support the charges of the criminal complaint. In particular, Agent Skidmore, testified that when he encountered Defendant in Duplin County on November 15, 2015, that Defendant admitted post-*Miranda* that he was not a citizen of the United States, that he had previously been deported, had not obtained the permission to reenter the United States and had done so illegally. Special Agent Skidmore submitted Defendant's fingerprints to a government database which confirmed Defendant's identity as well as his immigration and criminal history.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offenses against Defendant and the strength of the Government's case; (2) the risk of Defendant's non-appearance or flight based on Defendant's criminal history, including committing offenses while on probation and failing to appear at prior court proceedings, and in light of the threat of deportation evidenced by the government's administrative detainer upon Defendant and (3) other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

So ordered, the 23rd day of November 2015.

Robert B. Jones, Jr.,
United States Magistrate Judge

2